

Richard A. Menchini (RM 6057)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3200

**'08 CIV 4500⌐**

Attorneys for Defendant
Heidelberg USA, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————————

ANTONIO MOJICA,

                     Plaintiff,              08 CV        (  )

            - against -

**NOTICE OF REMOVAL**

HEIDELBERG USA, INC.,

                   Defendant.

————————————————————————————————

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

      PLEASE TAKE NOTICE that, on this date, defendant Heidelberg

USA, Inc. ("HUS"), by and through its attorneys, Holland & Knight LLP,

respectfully submits this Notice of Removal pursuant to 28 U.S.C. Sections

1332(a)(1), 1441 and 1446, and state as follows:

## BACKGROUND

      1.    On or about April 3, 2008, Plaintiff commenced this action in the

Supreme Court of the State of New York, Bronx County, Index No. 302680/08

(the "State Court Action"). True copies of the Summons and Complaint, and

the Answer of Heidelberg USA, Inc., which constitute all process, pleadings and orders served in the State Court Action, are attached hereto as Exhibits A and B, respectively.

2.    This is a civil action in which Plaintiff seeks unspecified compensatory damages, and punitive damages in the amount of $5 million, for "severe" personal injuries allegedly sustained by Plaintiff arising out of an accident that is alleged to have occurred at his place of employment, Graphics Service Bureau, on or about February 25, 2008.

3.    The Southern District of New York embraces the place where the State Court Action is pending.

4.    As is demonstrated below, this action is a civil action of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    This Notice of Removal is being filed with this Court within thirty (30) days after HUS first received, through service or otherwise, a copy of a pleading or other paper from which it could first ascertain that the action was removable.

## RECEIPT OF THE SUMMONS AND COMPLAINT

6.     On April 28, 2008, HUS first received copies of the Summons and Complaint that were filed in the State Court Action at its offices in Kennesaw, Georgia.   The Summons and Complaint had been served on the New York Secretary of State on April 18, 2008.

## DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY

7.     Upon information and belief, at the time of the filing of the State Court Action and at the time of removal, Plaintiff was and continues to be a resident of the State of New York, City of New York, Bronx County.

8.     At the time of the filing of the State Court Action and at the time of removal, HUS was and continues to be a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1000 Gutenberg Drive, Kennesaw, Georgia.

9.     In the Complaint Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

## NOTICE AND RESERVATION OF RIGHTS

10.     Written notice of filing of this Notice of Removal will be given to Plaintiff, and a copy will be filed in the State Court, as required by 28 U.S.C. §1446(d).

11.     In filing this Notice of Removal, HUS does not waive any defenses that may be available to them.

3

WHEREFORE, defendant Heidelberg USA, Inc. respectfully requests that this Honorable Court rule in its favor and grant its Notice of Removal of this matter to the United States District Court for the Southern District of New York.

Dated: New York, New York
      May 14, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____

Richard A. Menchini (RM 6057)
195 Broadway
New York, NY 10007
(212) 513-3200

Attorneys for Defendant
Heidelberg USA, Inc.

TO:   AKIN & SMITH, LLC
      Derek T. Smith, Esq.
      305 Broadway, Suite 1101
      New York, NY 10007
         Attorneys for Plaintiff

# 5309397_v1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

ANTONIO MOJICA,

                            Plaintiff,

           -against-

HEIDELBERG USA, INC.,

                            Defendant.

-----------------------------------------------------------------X

Index No.: 302680/08
Date purchased: 4/3/08

Plaintiff designates:
BRONX COUNTY as the place
of trial

**SUMMONS**

The basis of the venue is
Plaintiff's residence

Plaintiff resides at
1520 Hoe Avenue
Bronx, New York 10460
County of BRONX

To the above named Defendant

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of
service (or within 30 days after the service is complete if this summons is not personally delivered to
you within the State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        March 28, 2008

                                        Yours etc.,

                                        AKIN & SMITH, LLC
                                        Attorneys for Plaintiff(s)


                                        By: Derek T. Smith, Esq.
                                        305 Broadway, Suite 1101
                                        New York, New York 10007
                                        (212) 587-0760

Defendants' Addresses:

HEIDELBERG USA, INC
Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ANTONIO MOJICA,

                Plaintiff(s),

      -against-                         **VERIFIED COMPLAINT**

HEIDELBERG USA, INC.,

                Defendant(s).

-------------------------------------------------------------------X

      Plaintiffs, by their attorneys, AKIN & SMITH, LLC, upon information and belief, complain of

the defendants herein as follows:

1.      That at all times hereinafter mentioned, Plaintiff, ANTONIO MOJICA, was and still is a

        resident of the State of New York and County of Bronx.

2.      That at all times herein mentioned, defendant HEIDELBERG USA, INC (hereinafter

        referred to as 'HEILDERBERG') was and is a foreign corporation.

3.      That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a tort

        outside the state of New York causing injury within the State of New York.

4.      That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a

        tortious act within the State of New York.

5.      That all times herein mentioned, defendant HEIDELBERG USA, INC was doing business

        in the State of New York.

6.      That at all times relevant, defendant HEIDELBERG USA, INC. manufactured a high speed

        cutter known as the Polar 78 High-speed Cutter for Four-up Formats.

7.      That at all times relevant, defendant sold the above high speed cutter.

8.      That the defendant sold the above high speed cutter to be used as a charging high speed

cutter.

9.    That said sale was made in the ordinary course of business.

10.   That at all times relevant, defendant distributed the above high speed cutter.

11.   That at all times relevant, defendant placed the above high-speed cutter into the stream of
      commerce.

12.   That at all times relevant, the Defendant HEIDELBERG USA, INC. was and is in the
      business of manufacturing and selling the above high-speed cutter.

13.   That at all times relevant, defendant HEIDELBERG USA, INC. designed, tested,
      manufactured, inspected, labeled, promoted and sold the above high speed cutter.

14.   That at all times hereinafter mentioned the above said high speed cutter was negligently
      manufactured and designed by the defendant, HEIDELBERG USA, INC.

15.   That at all times hereinafter mentioned the above said high-speed cutter was defective and
      unfit for its intended use.

16.   Prior to February 25, 2008 Defendant sold and/or distributed the above high-speed cutter to
      Graphics Service Bureau located at 370 Park Avenue South, New York, NY.

17.   Prior to February 25, 2008 the above high speed cutter was in use at Graphics Service
      Bureau's workshop located at 25-11 Hunters Point, Queens, New York.

18.   That on or about February 25, 2008, Plaintiff was an employee of Graphics Service Bureau
      located at 370 Park Avenue South, New York, NY.

19.   That on or about the 25th day of February 2008 plaintiff was operating the above high speed
      cutter at Graphics Service Bureau's workshop located at 25-11 Hunters Point, Queens,
      New York.

20.   That while operating the above high-speed cutter, plaintiff suffered severe and permanent

injuries.

21.     That as a result of the aforesaid occurrence, plaintiff sustained severe and permanent personal injuries to his limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; that he has been unable to pursue his usual vocational and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress.

22.     That plaintiff's injuries were caused by reason of the negligence, carelessness and recklessness of the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF EXPRESS AND IMPLIED WARRANTY

23.     The plaintiff repeats, reiterates and restates all the above paragraphs which are hereby included herein as if set forth more fully at length.

24.     That Defendant HEIDELBERG USA, INC., expressly and impliedly warranted, to all persons whom they could reasonable foresee would be injured by use of this product, that said high speed cutter was fit for the purpose for which it was intended.

25.     That the defendant expressly and impliedly warranted that said high speed cutter was safe in every respect; that it had been manufactured, produced, tested, inspected and distributed in a good, safe and proper condition, and that it was safe for use with all the proper and

necessary warnings and instructions.

26.    That the defendant expressly and impliedly warranted that said high-speed cutter was of merchantable quality and was safe for use.

27.    That the defendants warranted that the above said high-speed cutter was reasonable safe for its intended purpose.

28.    That relying on said express and implied warranties of the defendant; Plaintiff ANTONIO MOJICA operated the said high-speed cutter.

29.    That defendant breached its warranties made to Plaintiff.

30.    That the representations and warranties made were false, misleading and inaccurate in that the product utilized by the Plaintiff, ANTONIO MOJICA, when put to the test of actual performance, was and proved to be unfit, unsound, unsuitable, defective and unsafe for the purpose for which it was intended.

31.    That as a result of defendants' breach of its warranties, express and/or implied, plaintiff, ANTONIO MOJICA, suffered severe, serious and permanent injuries.

32.    That by reason of the aforesaid breach, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### FOR NEGLIGENCE

33.    The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

34.    That on February 25, 2008 the Plaintiff, ANTONIO MOJICA, was OPERATING SAID high speed cutter bearing model Polar 78 in the manner for which it was intended when,

without any notice or warning to the Plaintiff, as a direct and proximate result of the Defendants' negligence, the blade of said high speed cutter came into contact with his right hand and fingers, causing him to suffer severe and permanent personal injuries.

35.    That said high-speed cutter contained a hidden, latent and complex defect, which was not discoverable by the Plaintiff, ANTONIO MOJICA.

36.    That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the production, preparation, manufacture, testing, inspection, care of, research of, distribution, storing and sale of the aforesaid high speed cutter; in failing to ascertain that said high speed cutter was unfit for use; in failing to inspect, timely inspect and/or properly inspect said product; in failing to adapt and use the latest technology and/or safety features available for said high speed cutter; in failing to warn plaintiff of the dangers in using said product; in failing to test and/or properly test said product to ascertain its fitness for use; in failing to note and adhere to industry standards in the use and manufacture and warning; and otherwise being negligent under the circumstances.

37.    That the defendants were negligent in failing to provide instructions, and/or proper instructions to distributors and/or purchasers of the above said high-speed cutter.

38.    That the Defendants had notice of the defective condition and failed to utilize reasonable care to remedy the same and/or apply technology available to address the same.

39.    That solely by reason of the aforesaid negligence of the defendants, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FAILURE TO WARN

40.    The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

41.    Defendants failed to label and/or failed to properly label the aforesaid high-speed cutter.

42.    Defendants failed to issue the proper warning and/or instructions for the aforesaid high-speed cutter.

43.    Defendants failed to provide instructions, and/or proper instructions to distributors and/or purchasers and more specifically the Plaintiff ANTONIO MOJICA herein, regarding the subject high-speed cutter.

44.    Defendants failed to give plaintiff, ANTONIO MOJICA, an opportunity to avoid the occurrence herein.

45.    Defendants were negligent in the labeling of the subject High-speed cutter and in the warnings made to plaintiff, ANTONIO MOJICA, regarding the risks and/or dangers in operating the said high-speed cutter.

46.    That by reason of the aforesaid failure to warn and properly warn, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

47.    The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

48.    That the said products were dangerous and defective and that said defects were a

substantial factor in causing the injury to plaintiff, ANTONIO MOJICA.

49.     That Defendants assumed a strict liability to all persons to whom they could reasonably foresee would be injured by said dangerous condition of said high-speed cutter, which was not fit for the purpose intended.

50.     That Defendant, HEIDELBERG USA, INC, defectively designed the above said high-speed cutter.

51.     That Defendant, HEIDELBERG USA, INC, defectively manufactured the above said high-speed cutter.

52.     That by reason of the foregoing, the Defendants, their agents, servants, licensees, and/or employees are liable to the plaintiff, ANTONIO MOJICA, for strict liability and tort and/or strict products liability.

53.     That at all times herein, the Defendants were wanton, reckless and their acts constitute gross negligence.

54.     That by reason of the foregoing, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## PUNITIVE DAMAGES

55.     The Plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

56.     That at all times herein, defendant was wanton, reckless and constituted gross negligence.

57.     That by reason of the foregoing, plaintiff seeks the sum of FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

WHEREFORE, Plaintiffs prey for a judgment against the Defendants in an amount to be determined at the time of trial, together with pre-judgment interest and cost of this action as set forth herein.

Dated: New York, New York
       March 28, 2008

Yours etc.,

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)

By: Derek T. Smith, Esq.
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

## ATTORNEY'S VERIFICATION

I, DEREK T. SMITH, being duly sworn deposes and state under the penalties of perjury that: I am an attorney duly admitted to practice law in the courts of New York State and am a principle of AKIN & SMITH, the attorneys of record for the plaintiff in the within action;

I have read the foregoing, VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides in a county other than where we maintain our office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  Conversations with the plaintiff, review of file and all the pleadings and proceedings heretofore had herein.

Dated:  New York, New York
        March 28, 2008

DEREK T. SMITH, ESQ.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
ANTONIO MOJICA,

                              Plaintiff,

                                                Index No. 2008/302680

            -against-

HEIDELBERG USA, INC.,                           **VERIFIED**
                                                **ANSWER**
                              Defendant.
------------------------------------------------------------------------x

            Defendant Heidelberg USA, Inc., ("HUS") by and through its attorneys,

Holland & Knight LLP, as and for its Answer to the Complaint, filed April 3, 2008,

states as follows:

            1.      Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1.

            2.      Admits the allegations contained in paragraph 2.

            3.      Denies the allegations contained in paragraphs 3 and 4.

            4.      Admits the allegations contained in paragraph 5.

            5.      Denies the allegations contained in paragraph 6.

            6.      Answering paragraph 7, admits that it sells Polar Model 78ES

cutters, but except as so specifically admitted, denies the allegations therein

inasmuch as the Polar cutter allegedly involved has not been specifically identified.

            7.      Answering paragraph 8, admits that the Polar Model 78ES

cutter has a mechanism for storing energy that is discharged on operation, but

except as so specifically admitted, denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein inasmuch as the Polar cutter allegedly involved has not been specifically identified.

8.    Answering paragraphs 9, 10, and 11, admits that it sells in the ordinary course of business, distributes, and places into the stream of commerce Polar Model 78ES cutters, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein inasmuch as the Polar cutter allegedly involved has not been specifically identified.

9.    Answering paragraph 12, admits that it is in the business of selling Polar cutters, but except as so admitted, denies the allegations therein.

10.    Answering paragraph 13, admits that it tests, promotes and sells Polar cutters, but except as so admitted, denies the allegations therein.

11.    Denies the allegations contained in paragraphs 14 and 15.

12.    Answering paragraphs 16 and 17, admits that prior to February 25, 2008, it sold to Norwest Equipment Finance & Leasing, Inc., as lessor, and delivered to Graphic Services Bureau at 370 Park Avenue South, New York, New York, a Polar Model 78ES 30" cutter, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein inasmuch as the Polar cutter allegedly involved has not been specifically identified.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20 and 21.

14.     Denies the allegations contained in paragraph 22.

## AS AND FOR AN ANSWER TO
## THE FIRST CAUSE OF ACTION

15.     Answering paragraph 23, repeats and realleges each and every admission, denial and denial of information and belief set forth in paragraphs 1 through 14 of this Answer with the same force and effect as if set forth at length herein.

16.     Denies the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30, 31 and 32.

## AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

17.     Answering paragraph 33, repeats and realleges each and every admission, denial and denial of information and belief set forth in paragraphs 1 through 16 of this Answer with the same force and effect as if set forth at length herein.

18.     Denies the allegations contained in paragraphs 34, 35, 36, 37, 38 and 39.

## AS AND FOR AN ANSWER TO
## THE THIRD CAUSE OF ACTION

19.     Answering paragraph 40, repeats and realleges each and every admission, denial and denial of information and belief set forth in paragraphs 1 through 18 of this Answer with the same force and effect as if set forth at length herein.

20.    Denies the allegations contained in paragraphs 41, 42, 43, 44, 45 and 46.

## AS AND FOR AN ANSWER TO
## THE FOURTH CAUSE OF ACTION

21.    Answering paragraph 47, repeats and realleges each and every admission, denial and denial of information and belief set forth in paragraphs 1 through 20 of this Answer with the same force and effect as if set forth at length herein.

22.    Denies the allegations contained in paragraphs 48, 49, 50, 51, 52, 53 and 54.

## AS AND FOR AN ANSWER TO
## THE FIFTH CAUSE OF ACTION

23.    Answering paragraph 55, repeats and realleges each and every admission, denial and denial of information and belief set forth in paragraphs 1 through 22 of this Answer with the same force and effect as if set forth at length herein.

24.    Denies the allegations contained in paragraphs 56 and 57.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

25.    The injuries for which plaintiff seeks relief in this action were caused, in whole or in part, by the negligence, lack of due care, or culpable conduct on the part of plaintiff.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

26. The negligence, lack of due care, culpable conduct or breach of warranty of third parties over whom HUS had no control or right of control caused, in whole or in part, the injuries and damages alleged to have been sustained by plaintiff.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

27. Plaintiff assumed the risk of the injuries for which he seeks relief in this action.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

28. Plaintiff's injuries were caused or contributed to by the misuse, alteration or modification of the product by third parties over whom HUS had no control or right of control.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

29. The injuries and damages for which plaintiff seeks relief in this action resulted from, in whole or in part, intervening and/or interceding acts of superseding negligence on the part of third parties over whom HUS had no control or right of control.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

30.    The Complaint, insofar as it seeks damages from HUS based upon a claim of breach of express or implied warranty, is barred by the applicable statute of limitations.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

31.    Plaintiff failed to mitigate his damages.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

32.    Some or all of the damages claimed by plaintiff are limited or not recoverable under applicable law.    Further, in the event damages are to be awarded plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

33.    The product at issue in this lawsuit was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

34.    When the product at issue in this lawsuit was sold, it comported with the state of the art for the design and manufacture of similar products.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

35.    Pursuant to Article 16 of the New York Civil Practice Law and Rules, the liability, if any, of HUS for non-economic loss is limited to the proportionate share, if any, attributable to it.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

36.    HUS asserts that plaintiff's employer was a sophisticated person or entity knowledgeable of any material risks pertinent to the matters alleged in this lawsuit, and as a result, HUS had no duty to warn of any such risks.

WHEREFORE, defendant Heidelberg USA, Inc. demands judgment dismissing the Complaint herein, together with costs, fees and expenses as provided by law.

Dated: New York, New York
       May 9, 2008

Yours, etc.

Richard A. Menchini
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3200

Attorneys for Defendant
Heidelberg USA, Inc.

7

TO:     AKIN & SMITH, LLC
        Derek T. Smith, Esq.
        305 Broadway, Suite 1101
        New York, NY 10007
                Attorneys for Plaintiff

<u>VERIFICATION</u>

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK)

        RICHARD A. MENCHINI, being duly sworn, deposes and says:

        That he is a member of the law firm of Holland & Knight LLP, attorneys for defendant Heidelberg USA, Inc., that he has read and knows the contents of the foregoing Answer, and that same are true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

        Deponent further states that the grounds for his belief as to matters thereon stated upon information and belief are statements made to him by representatives of the defendant and papers and documents received by deponent from the defendant or its representatives and which are now in his possession.

        Deponent further states that the reason why this Verification is made by deponent and not by the defendant is that defendant is not located in the county of deponent's office and that defendant is a foreign corporation.

                                       Richard A. Menchini

Sworn to before me this
9th day of May, 2008

Notary Public    Elvin Ramos
                     Notary Public, State of New York
                     NO. 01RA4870243
                     Qualified in Queens County
# 5314156_v1      Certificate filed in New York County
                     Commission Expires September 2, 2010

## ATTORNEY'S AFFIRMATION OF SERVICE VIA MAIL

State of New York   )
                   ) SS.:
County of New York )

      RICHARD A. MENCHINI, an attorney admitted to practice in the Courts of the State of

New York, affirms under penalty of perjury:

      That on May 9, 2008, I caused to be served a true copy of the attached Verified Answer

by mailing the same in a duly enclosed prepaid and sealed wrapper with first-class postage

prepaid thereon and addressed to plaintiff's counsel as follows:

Derek T. Smith, Esq.
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY 10007

                                     _____
                                     RICHARD A. MENCHINI

Dated: May 9, 2008

# 5322878_v1