UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. 08 CV 4500
-----------------------------------------------------X                (GEL) (DFE)
ANTONIO MOJICA,

                              Plaintiff,

              -against-

                                                        **NOTICE OF MOTION**

HEIDELBERG USA INC.,

                              Defendants.
-----------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE, that upon the annexed Affirmation of Derek T. Smith, Esq., dated July 8, 2008, the annexed exhibits, and all the pleadings and proceedings heretofore had herein, the undersigned will move this Court before Gerard E. Lynch, United States District Judge for an Order, pursuant to Rule 15 of the Federal Rules of Civil Procedure granting: (1) amending the summons and complaint and granting leave to serve the new Defendant, and such other, further, and different relief as to this Court may seem just and proper.

Dated:  New York, New York
        July 11, 2008

                                        Yours, etc.,

                                        AKIN & SMITH, LLC
                                        Attorneys for Plaintiff(s)

                                        __/s/_____
                                        By: Derek T. Smith, Esq.
                                        305 Broadway, Suite 1101
                                        New York, New York 10007
                                        (212) 587-0760

TO:   O'HARE PARNAGIAN, LLP
        Attorneys for Defendant(s)
        82 Wall Street, Suite 300
        New York, New York 10005
        Attn: Richard A. Menchini, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. 08 CV 4500
-----------------------------------------------------X         (GEL) (DFE)
ANTONIO MOJICA,
                              Plaintiff,

              -against-

                                                          **AFFIRMATION**

HEIDELBERG USA INC.,

                              Defendants.
---------------------------------------------------------X


        DEREK T. SMITH, ESQ. an attorney admitted to practice in the United States District Court

Southern District of New York, hereby affirms under the penalty of perjury that the following

statements are true:


    1.      I am a member of the firm of AKIN & SMITH, LLC, the attorneys for the plaintiff in the

            action herein, and as such I am fully familiar with the facts and circumstances contained

            herein.

    2.      This action was commenced to recover money as damages for the personal injuries

            sustained by the Plaintiff.   Plaintiff suffered severe and permanent injuries while

            operating the defective high-speed cutter that defendant Heidelberg USA, Inc. designed,

            tested, inspected, labeled, promoted and sold.

    3.      The action commenced on April 2, 2008 with the purchase of an index number and filing

            of the Summons and Verified Complaint (copies of which are annexed hereto as Exhibit

"A"). Thereafter, a copy of said Summons and Verified Complaint was served upon the defendants on April 18, 2008.

4.      On June 11, 2008, I was advised by the counsel for Defendant that the manufacturer of the said high-speed cutter was Adolf Mohr Maschinenfabrik, Hattersheimer Str.25, D-65719 Hofheim, Germany.

5.      The Plaintiff respectfully seeks to amend the summons and complaint and add the manufacturer Adolf Mohr Maschinenfabrik as Defendant. A copy of the Proposed Amended Complaint is attached hereto as Exhibit "B".

6.      It is respectfully submitted that there is no prejudice to the Defendants.

7.      This application is being made within the time limits set forth in Civil Case Management Plan.

8.      There was no prior application for this or similar relief to any court.


WHEREFORE it is respectfully requested that the Court issue an Order: (1) amending the summons and complaint and granting leave to serve the new Defendant, (2) and such other, further, and different relief as to this Court may seem just and proper.


Dated: New York, New York
        July 11, 2008


                            _/s/_____
                            Derek T. Smith, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------X

ANTONIO MOJICA,

                            Plaintiff,

            -against-

HEIDELBERG USA, INC.,

                            Defendant.

------------------------------------------------------------------------X

Index No.: 302680-08
Date purchased:4/2/08

Plaintiff designates:
BRONX COUNTY as the place
of trial

**SUMMONS**

The basis of the venue is
Plaintiff's residence

Plaintiff resides at
1520 Hoe Avenue
Bronx, New York 10460
County of BRONX

To the above named Defendant

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of
service (or within 30 days after the service is complete if this summons is not personally delivered to
you within the State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        March 28, 2008

                                        Yours etc.,

                                        AKIN & SMITH, LLC
                                        Attorneys for Plaintiff(s)


                                        _____
                                        By: Derek T. Smith, Esq.
                                        305 Broadway, Suite 1101
                                        New York, New York 10007
                                        (212) 587-0760

Defendants' Addresses:

HEIDELBERG USA, INC
Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ANTONIO MOJICA,

        Plaintiff(s),

      -against-                 **<u>VERIFIED COMPLAINT</u>**

HEIDELBERG USA, INC.,

        Defendant(s).

-------------------------------------------------------------------X

     Plaintiffs, by their attorneys, AKIN & SMITH, LLC, upon information and belief, complain of the defendants herein as follows:

1.     That at all times hereinafter mentioned, Plaintiff, ANTONIO MOJICA, was and still is a resident of the State of New York and County of Bronx.

2.     That at all times herein mentioned, defendant HEIDELBERG USA, INC (hereinafter referred to as 'HEILDERBERG') was and is a foreign corporation.

3.     That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a tort outside the state of New York causing injury within the State of New York.

4.     That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a tortious act within the State of New York.

5.     That all times herein mentioned, defendant HEIDELBERG USA, INC was doing business in the State of New York.

6.     That at all times relevant, defendant HEIDELBERG USA, INC. manufactured a high speed cutter known as the Polar 78 High-speed Cutter for Four-up Formats.

7.     That at all times relevant, defendant sold the above high speed cutter.

8.     That the defendant sold the above high speed cutter to be used as a charging high speed

cutter.

9.    That said sale was made in the ordinary course of business.

10.   That at all times relevant, defendant distributed the above high speed cutter.

11.   That at all times relevant, defendant placed the above high-speed cutter into the stream of commerce.

12.   That at all times relevant, the Defendant HEIDELBERG USA, INC. was and is in the business of manufacturing and selling the above high-speed cutter.

13.   That at all times relevant, defendant HEIDELBERG USA, INC. designed, tested, manufactured, inspected, labeled, promoted and sold the above high speed cutter.

14.   That at all times hereinafter mentioned the above said high speed cutter was negligently manufactured and designed by the defendant, HEIDELBERG USA, INC.

15.   That at all times hereinafter mentioned the above said high-speed cutter was defective and unfit for its intended use.

16.   Prior to February 25, 2008 Defendant sold and/or distributed the above high-speed cutter to Graphics Service Bureau located at 370 Park Avenue South, New York, NY.

17.   Prior to February 25, 2008 the above high speed cutter was in use at Graphics Service Bureau's workshop located at 25-11 Hunters Point, Queens, New York.

18.   That on or about February 25, 2008, Plaintiff was an employee of Graphics Service Bureau located at 370 Park Avenue South, New York, NY.

19.   That on or about the 25th day of February 2008 plaintiff was operating the above high speed cutter at Graphics Service Bureau's workshop located at 25-11 Hunters Point, Queens, New York.

20.   That while operating the above high-speed cutter, plaintiff suffered severe and permanent

injuries.

21.    That as a result of the aforesaid occurrence, plaintiff sustained severe and permanent
personal injuries to his limbs, body and nervous system and has been rendered sick, sore,
lame and disabled and upon information and belief, some of these injuries are permanent;
that he has been unable to pursue his usual vocational and recreational activities for some
time; that he has been confined to bed and home for some time; that he has been compelled
to submit himself to hospital and medical care and attention and to incur various sums of
money therefor in an endeavor to cure or alleviate his said injuries and that he has been
compelled to suffer physical pain, mental anguish and emotional distress.

22.    That plaintiff's injuries were caused by reason of the negligence, carelessness and
recklessness of the Defendant.

### AS AND FOR A FIRST CAUSE OF ACTION FOR
### BREACH OF EXPRESS AND IMPLIED WARRANTY

23.    The plaintiff repeats, reiterates and restates all the above paragraphs which are hereby
included herein as if set forth more fully at length.

24.    That Defendant HEIDELBERG USA, INC., expressly and impliedly warranted, to all
persons whom they could reasonable foresee would be injured by use of this product, that
said high speed cutter was fit for the purpose for which it was intended.

25.    That the defendant expressly and impliedly warranted that said high speed cutter was safe
in every respect; that it had been manufactured, produced, tested, inspected and distributed
in a good, safe and proper condition, and that it was safe for use with all the proper and

necessary warnings and instructions.

26.   That the defendant expressly and impliedly warranted that said high-speed cutter was of

merchantable quality and was safe for use.

27.   That the defendants warranted that the above said high-speed cutter was reasonable safe

for its intended purpose.

28.   That relying on said express and implied warranties of the defendant; Plaintiff ANTONIO

MOJICA operated the said high-speed cutter.

29.   That defendant breached its warranties made to Plaintiff.

30.   That the representations and warranties made were false, misleading and inaccurate in that

the product utilized by the Plaintiff, ANTONIO MOJICA, when put to the test of actual

performance, was and proved to be unfit, unsound, unsuitable, defective and unsafe for the

purpose for which it was intended.

31.   That as a result of defendants' breach of its warranties, express and/or implied, plaintiff,

ANTONIO MOJICA, suffered severe, serious and permanent injuries.

32.    That by reason of the aforesaid breach, plaintiff suffered severe injury, all to his great

damage in an amount to be determined at the time of trial.


**AS AND FOR A SECOND CAUSE OF ACTION
FOR NEGLIGENCE**


33.   The plaintiffs repeats, reiterates and restates all the above paragraphs which are included

herein as if set forth more fully at length.

34.   That on February 25, 2008 the Plaintiff, ANTONIO MOJICA, was OPERATING SAID

high speed cutter bearing model Polar 78 in the manner for which it was intended when,

without any notice or warning to the Plaintiff, as a direct and proximate result of the Defendants' negligence, the blade of said high speed cutter came into contact with his right hand and fingers, causing him to suffer severe and permanent personal injuries.

35.    That said high-speed cutter contained a hidden, latent and complex defect, which was not discoverable by the Plaintiff, ANTONIO MOJICA.

36.    That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the production, preparation, manufacture, testing, inspection, care of, research of, distribution, storing and sale of the aforesaid high speed cutter; in failing to ascertain that said high speed cutter was unfit for use; in failing to inspect, timely inspect and/or properly inspect said product; in failing to adapt and use the latest technology and/or safety features available for said high speed cutter; in failing to warn plaintiff of the dangers in using said product; in failing to test and/or properly test said product to ascertain its fitness for use; in failing to note and adhere to industry standards in the use and manufacture and warning; and otherwise being negligent under the circumstances.

37.    That the defendants were negligent in failing to provide instructions, and/or proper instructions to distributors and/or purchasers of the above said high-speed cutter.

38.    That the Defendants had notice of the defective condition and failed to utilize reasonable care to remedy the same and/or apply technology available to address the same.

39.    That solely by reason of the aforesaid negligence of the defendants, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FAILURE TO WARN

40.     The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

41.     Defendants failed to label and/or failed to properly label the aforesaid high-speed cutter.

42.     Defendants failed to issue the proper warning and/or instructions for the aforesaid high-speed cutter.

43.     Defendants failed to provide instructions, and/or proper instructions to distributors and/or purchasers and more specifically the Plaintiff ANTONIO MOJICA herein, regarding the subject high-speed cutter.

44.     Defendants failed to give plaintiff, ANTONIO MOJICA, an opportunity to avoid the occurrence herein.

45.     Defendants were negligent in the labeling of the subject High-speed cutter and in the warnings made to plaintiff, ANTONIO MOJICA, regarding the risks and/or dangers in operating the said high-speed cutter.

46.     That by reason of the aforesaid failure to warn and properly warn, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

47.     The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

48.     That the said products were dangerous and defective and that said defects were a

substantial factor in causing the injury to plaintiff, ANTONIO MOJICA.

49.    That Defendants assumed a strict liability to all persons to whom they could reasonably

foresee would be injured by said dangerous condition of said high-speed cutter, which was

not fit for the purpose intended.

50.    That Defendant, HEIDELBERG USA, INC, defectively designed the above said high-

speed cutter.

51.    That Defendant, HEIDELBERG USA, INC, defectively manufactured the above said

high-speed cutter.

52.    That by reason of the foregoing, the Defendants, their agents, servants, licensees, and/or

employees are liable to the plaintiff, ANTONIO MOJICA, for strict liability and tort

and/or strict products liability.

53.    That at all times herein, the Defendants were wanton, reckless and their acts constitute

gross negligence.

54.    That by reason of the foregoing, plaintiff suffered severe injury, all to his great damage in

an amount to be determined at the time of trial.


## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## <u>PUNITIVE DAMAGES</u>


55.    The Plaintiffs repeats, reiterates and restates all the above paragraphs which are included

herein as if set forth more fully at length.

56.    That at all times herein, defendant was wanton, reckless and constituted gross negligence.

57.    That by reason of the foregoing, plaintiff seeks the sum of FIVE MILLION

($5,000,000.00) DOLLARS in punitive damages.

WHEREFORE, Plaintiffs prey for a judgment against the Defendants in an amount to be determined at the time of trial, together with pre-judgment interest and cost of this action as set forth herein.

Dated:  New York, New York
        March 28, 2008

                                        Yours etc.,

                                        AKIN & SMITH, LLC
                                        Attorneys for Plaintiff(s)


                                        _____

                                        By: Derek T. Smith, Esq.
                                        305 Broadway, Suite 1101
                                        New York, New York 10007
                                        (212) 587-0760

## ATTORNEY'S VERIFICATION

I, DEREK T. SMITH, being duly sworn deposes and state under the penalties of perjury that: I am an attorney duly admitted to practice law in the courts of New York State and am a principle of AKIN & SMITH, the attorneys of record for the plaintiff in the within action;

I have read the foregoing, VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides in a county other than where we maintain our office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  Conversations with the plaintiff, review of file and all the pleadings and proceedings heretofore had herein.

Dated:  New York, New York
        March 28, 2008

_____
DEREK T. SMITH, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
ANTONIO MOJICA,

                        Plaintiff(s),

          -against-

HEIDELBERG USA, INC.,

                        Defendant(s).

--------------------------------------------------------------------X

_____

SUMMONS AND VERIFIED COMPLAINT
_____

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)
305 Broadway, Suite 1101
New York, New York 10007
Tel. (212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Case No.  No. 08 CV 4500
-------------------------------------------------------X                (GEL) (DFE)
ANTONIO MOJICA,

                Plaintiff,

     -against-

                              **AMENDED COMPLAINT**

HEIDELBERG USA INC., AND                Plaintiff Demands a Jury Trial
ADOLF MOHR MASCHINENFABRIK
GMBH & CO. KG,
                Defendants.
-------------------------------------------------------X

      Plaintiffs, by their attorneys, AKIN & SMITH, LLC, upon information and belief, complain of the defendants herein as follows:

1.      That at all times hereinafter mentioned, Plaintiff, ANTONIO MOJICA, was and still is a resident of the State of New York and County of Bronx.

2.      That at all times herein mentioned, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG (hereinafter referred to as 'MASCHINENFABRIK') was and is a foreign corporation.

3.      That at all times herein mentioned, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG committed a tort outside the state of New York causing injury within the State of New York.

4.      That at all times herein mentioned, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG committed a tortious act within the State of New York.

5.      That all times herein mentioned, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG was doing business in the State of New York.

6.      That at all times relevant, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG manufactured a high speed cutter known as the Polar 78 High-speed Cutter for

Four-up Formats.

7.    That at all times herein mentioned, defendant HEIDELBERG USA, INC (hereinafter referred to as 'HEILDERBERG') was and is a foreign corporation.

8.    That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a tort outside the state of New York causing injury within the State of New York.

9.    That at all times herein mentioned, defendant HEIDELBERG USA, INC committed a tortious act within the State of New York.

10.    That all times herein mentioned, defendant HEIDELBERG USA, INC was doing business in the State of New York.

11.    That at all times relevant, defendant HEIDELBERG USA, INC. manufactured a high speed cutter known as the Polar 78 High-speed Cutter for Four-up Formats.

12.    That at all times relevant, Defendants sold the above high speed cutter.

13.    That the defendants sold the above high speed cutter to be used as a charging high speed cutter.

14.    That said sale was made in the ordinary course of business.

15.    That at all times relevant, defendants distributed the above high speed cutter.

16.    That at all times relevant, defendants placed the above high-speed cutter into the stream of commerce.

17.    That at all times relevant, the Defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG, was and is in the business of manufacturing and selling the above high-speed cutter.

18.    That at all times relevant, defendant ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG, designed, tested, manufactured, inspected, labeled, promoted and sold the above

high speed cutter.

19.    That at all times hereinafter mentioned the above said high speed cutter was negligently manufactured and designed by the defendant, ADOLF MOHR MASCHINENFABRIK GMBH & CO. KG,

20.    That at all times relevant, the Defendant HEIDELBERG USA, INC. was and is in the business of manufacturing and selling the above high-speed cutter.

21.    That at all times relevant, defendant HEIDELBERG USA, INC. designed, tested, manufactured, inspected, labeled, promoted and sold the above high speed cutter.

22.    That at all times hereinafter mentioned the above said high speed cutter was negligently manufactured and designed by the defendant, HEIDELBERG USA, INC.

23.    That at all times hereinafter mentioned the above said high-speed cutter was defective and unfit for its intended use.

24.    Prior to February 25, 2008 Defendants sold and/or distributed the above high-speed cutter to Graphics Service Bureau located at 370 Park Avenue South, New York, NY.

25.    Prior to February 25, 2008 the above high speed cutter was in use at Graphics Service Bureau's workshop located at 25-11 Hunters Point, Queens, New York.

26.    That on or about February 25, 2008, Plaintiff was an employee of Graphics Service Bureau located at 370 Park Avenue South, New York, NY.

27.    That on or about the 25th day of February 2008 plaintiff was operating the above high speed cutter at Graphics Service Bureau's workshop located at 25-11 Hunters Point, Queens, New York.

28.    That while operating the above high-speed cutter, plaintiff suffered severe and permanent injuries.

29.     That as a result of the aforesaid occurrence, plaintiff sustained severe and permanent personal injuries to his limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; that he has been unable to pursue his usual vocational and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress.

30.     That plaintiff's injuries were caused by reason of the negligence, carelessness and recklessness of the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF EXPRESS AND IMPLIED WARRANTY

31.     The plaintiff repeats, reiterates and restates all the above paragraphs which are hereby included herein as if set forth more fully at length.

32.     That Defendants expressly and impliedly warranted, to all persons whom they could reasonable foresee would be injured by use of this product, that said high speed cutter was fit for the purpose for which it was intended.

33.     That the defendants expressly and impliedly warranted that said high speed cutter was safe in every respect; that it had been manufactured, produced, tested, inspected and distributed in a good, safe and proper condition, and that it was safe for use with all the proper and necessary warnings and instructions.

34.     That the defendants expressly and impliedly warranted that said high-speed cutter was of

merchantable quality and was safe for use.

35.     That the defendants warranted that the above said high-speed cutter was reasonable safe

for its intended purpose.

36.     That relying on said express and implied warranties of the defendants; Plaintiff ANTONIO

MOJICA operated the said high-speed cutter.

37.     That defendants breached its warranties made to Plaintiff.

38.     That the representations and warranties made were false, misleading and inaccurate in that

the product utilized by the Plaintiff, ANTONIO MOJICA, when put to the test of actual

performance, was and proved to be unfit, unsound, unsuitable, defective and unsafe for the

purpose for which it was intended.

39.     That as a result of defendants' breach of its warranties, express and/or implied, plaintiff,

ANTONIO MOJICA, suffered severe, serious and permanent injuries.

40.      That by reason of the aforesaid breach, plaintiff suffered severe injury, all to his great

damage in an amount to be determined at the time of trial.


### AS AND FOR A SECOND CAUSE OF ACTION
### FOR NEGLIGENCE


41.     The plaintiffs repeats, reiterates and restates all the above paragraphs which are included

herein as if set forth more fully at length.

42.     That on February 25, 2008 the Plaintiff, ANTONIO MOJICA, was OPERATING SAID

high speed cutter bearing model Polar 78 in the manner for which it was intended when,

without any notice or warning to the Plaintiff, as a direct and proximate result of the

Defendants' negligence, the blade of said high speed cutter came into contact with his right

hand and fingers, causing him to suffer severe and permanent personal injuries.

43.   That said high-speed cutter contained a hidden, latent and complex defect, which was not discoverable by the Plaintiff, ANTONIO MOJICA.

44.   That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the production, preparation, manufacture, testing, inspection, care of, research of, distribution, storing and sale of the aforesaid high speed cutter; in failing to ascertain that said high speed cutter was unfit for use; in failing to inspect, timely inspect and/or properly inspect said product; in failing to adapt and use the latest technology and/or safety features available for said high speed cutter; in failing to warn plaintiff of the dangers in using said product; in failing to test and/or properly test said product to ascertain its fitness for use; in failing to note and adhere to industry standards in the use and manufacture and warning; and otherwise being negligent under the circumstances.

45.   That the defendants were negligent in failing to provide instructions, and/or proper instructions to distributors and/or purchasers of the above said high-speed cutter.

46.   That the Defendants had notice of the defective condition and failed to utilize reasonable care to remedy the same and/or apply technology available to address the same.

47.   That solely by reason of the aforesaid negligence of the defendants, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### FOR FAILURE TO WARN

48.   The plaintiffs repeats, reiterates and restates all the above paragraphs which are included

herein as if set forth more fully at length.

49.    Defendants failed to label and/or failed to properly label the aforesaid high-speed cutter.

50.    Defendants failed to issue the proper warning and/or instructions for the aforesaid high-speed cutter.

51.    Defendants failed to provide instructions, and/or proper instructions to distributors and/or purchasers and more specifically the Plaintiff ANTONIO MOJICA herein, regarding the subject high-speed cutter.

52.    Defendants failed to give plaintiff, ANTONIO MOJICA, an opportunity to avoid the occurrence herein.

53.    Defendants were negligent in the labeling of the subject High-speed cutter and in the warnings made to plaintiff, ANTONIO MOJICA, regarding the risks and/or dangers in operating the said high-speed cutter.

54.    That by reason of the aforesaid failure to warn and properly warn, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

55.    The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

56.    That the said products were dangerous and defective and that said defects were a substantial factor in causing the injury to plaintiff, ANTONIO MOJICA.

57.    That Defendants assumed a strict liability to all persons to whom they could reasonably foresee would be injured by said dangerous condition of said high-speed cutter, which was

not fit for the purpose intended.

58.    That Defendants defectively designed the above said high-speed cutter.

59.    That Defendants defectively manufactured the above said high-speed cutter.

60.    That by reason of the foregoing, the Defendants, their agents, servants, licensees, and/or employees are liable to the plaintiff, ANTONIO MOJICA, for strict liability and tort and/or strict products liability.

61.    That at all times herein, the Defendants were wanton, reckless and their acts constitute gross negligence.

62.    That by reason of the foregoing, plaintiff suffered severe injury, all to his great damage in an amount to be determined at the time of trial.


## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## <u>PUNITIVE DAMAGES</u>

63.    The Plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

64.    That at all times herein, defendants were wanton, reckless and constituted gross negligence.

65.    That by reason of the foregoing, plaintiff seeks the sum of FIFTY MILLION ($50,000,000.00) DOLLARS in punitive damages.


WHEREFORE, Plaintiffs prey for a judgment against the Defendants in an amount to be determined at the time of trial, together with pre-judgment interest and cost of this action as set forth herein.

Dated:  New York, New York
        July 8, 2008


                              Yours etc.,

                              AKIN & SMITH, LLC
                              Attorneys for Plaintiff(s)


                              _____

                              By: Derek T. Smith, Esq.
                              305 Broadway, Suite 1101
                              New York, New York 10007
                              (212) 587-0760