Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall St., Suite 300
New York, NY 10005-3686
(212) 425-1401

Attorneys for Defendant
Heidelberg USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANTONIO MOJICA,

                Plaintiff,

        - against -

HEIDELBERG USA, INC.,

            Defendant.
_____

08 CV 4500 (GEL)(DFE)

**AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE AN AMENDED SUMMONS AND COMPLAINT**

STATE OF NEW YORK   )
                       ss.:
COUNTY OF NEW YORK)

      RICHARD A. MENCHINI, being duly sworn, affirms under penalty of perjury and says:

      1.     I am a member of the firm of O'Hare Parnagian LLP, attorneys for defendant Heidelberg USA, Inc. ("Heidelberg USA"), and am fully familiar with the facts of this matter. This affirmation is submitted in opposition to plaintiff's motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for an order "amending the summons and complaint and granting leave to serve the new Defendant."

      2.     By way of brief background, this is a product liability action in which plaintiff Antonio Mojica seeks to recover damages arising from personal injuries he allegedly sustained

on February 25, 2008 while working with a Polar 78 paper cutter at his place of employment, Graphics Service Bureau. The cutter was sold by defendant Heidelberg USA and manufactured in Germany by proposed new defendant Adolf Mohr Maschinenfabrick GmbH.

3.     This action was filed in the New York Supreme Court, Bronx County, and removed to this Court by Heidelberg USA by Notice of Removal filed on May 14, 2008. The original Complaint sought unspecified compensatory damages and included a punitive damages cause of action seeking $5 million from Heidelberg USA.

4.     According to Plaintiff's Response to Defendant's First Set of Interrogatories dated July 8, 2008 (Exhibit A hereto), plaintiff sustained the following injuries: right index finger tip avulsion; amputation of right index finger; massive distal tip soft tissue injury. The compensatory damages allegedly sustained total $6,994,800.00, which includes (a) $6 million for "emotional distress" arising out of the loss of a portion of plaintiff's right index finger; and (b) future lost wages to the age of 65 in the amount of $787,200.00. Presumably, it is the claim of the now 24 year-old plaintiff that he can no longer work.

5.     The allegations of the proposed Amended Complaint are virtually identical to the original Complaint except that (a) the German manufacturer of the cutter is added as a defendant, and (b) the amount of punitive damages sought is increased to $50 million. This tenfold increase is not mentioned in either the Notice of Motion or the supporting Affirmation.

6.     As is discussed in the accompanying Memorandum of Law, plaintiff's motion should be denied insofar as it seeks leave to serve an Amended Complaint which increases the punitive damages claim from $5 million to $50 million.

7.     Finally, it must be noted that Heidelberg USA is in no way conceding that plaintiff's original $5 million punitive damages claim is legally proper or justifiable. Indeed, it

has been requested that plaintiff withdraw the claim because it is Heidelberg USA's position that there is no legal or factual basis for a punitive damages claim in this case, and that the claim violates Rule 11(b) of the Federal Rules of Civil Procedure in that it is presented to harass, and it is not warranted by existing law.

      **WHEREFORE**, for the foregoing reasons, defendant Heidelberg USA, Inc. respectfully requests that this Court enter an Order denying plaintiff's motion.

Dated: New York, New York
       July 24, 2008

RICHARD A. MENCHINI

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

MOJICA ANTONIO,

               Plaintiff,

     -against-

HEIDELBERG USA INC.,

               Defendants.

----------------------------------------------------X

Index No. 08 CV 4500
(GEL) (DFE)

PLAINTIFF'S RESPONSE TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES

Plaintiff, ANTONIO MOJICA, by her attorneys, AKIN & SMITH, LLC, as and for a response to the DEFENDANTS' FIRST SET OF INTERROGATORIES, dated June 16, 2007 hereby responds as follows:

Plaintiff objects to all interrogatories that are compound, overly broad, palpably improper, irrelevant, and over burdensome.

1.     Following individuals were present at the time of the subject accident:

- Richard Torres
- Edie (an employee of Defendant, last name unknown at this time)
- Jamie (an employee of Defendant, last name unknown at this time)
- Jose (an employee of Defendant, last name unknown at this time)
- Miguel (an employee of Defendant, last name unknown at this time)

2.     Plaintiff incorporates herein the response to interrogatory number 1 above.

3.     The Plaintiff is not in possession of any statements of the type demanded and reserves his right to supplement said response should such information become available.

4.    The Plaintiff sustained severe and permanent injuries including but not limited to the following:

- Right Index Finger Tip Avulsion

- Amputation of Right Index Finger

- Massive distal tip soft tissue injury

Because of the permanency of the injuries alleged herein, plaintiff reserves his right to prove further sequel and residuals of the above permanent injuries. Plaintiff also hereby claims and incorporates by reference all of the injuries and symptoms mentioned in the annexed medical reports.

All of the aforesaid injuries, resulting disabilities, and involvements are associated with further soft tissue injury to the areas traumatically affected, including injury and damage to and all with involvements of the surrounding muscles, tendons, ligaments, tissues, soft tissues, epithelial tissues, nerve and nerve tissues, blood vessels and blood supply and soft parts, all concomitant to the specific injuries and related to the many portions mentioned herein above with resultant pain, deformity and disability, stiffness, tenderness, weakness and restriction of motion and possible loss of use of the above mentioned parts, atrophy, anxiety and mental anguish, and are also an aggravation, exacerbation and activation of any pre-existing conditions, and have further substantially prevented the plaintiffs from enjoying the normal fruits of their activities, including but not limited to social, educational, and economic.

Upon information and belief, the aforesaid injuries are serious and permanent in nature including a permanent decreased range of motion and a permanent increased susceptible to the development of arthritis in the affected areas.

Upon information and belief, plaintiffs may require future therapy and surgery;

Upon information and belief, all of the foregoing injuries are permanent.;

Plaintiff also claims future squeal and future surgery and lost earning capacity for the rest of Plaintiff's life.

Because of the permanency of the injuries alleged herein, plaintiff reserves his right to prove further sequel and residuals of the above permanent injuries. Plaintiff also hereby claims and incorporates by reference all of the injuries and symptoms mentioned in the annexed medical report.

5.  Plaintiff had not been treated or examined for any of the conditions described in response to interrogatory number 4 above, prior to the subject accident.

6.  Plaintiff (a) disabled for the rest of his life; (b) confined to bed for a period of approximately four (4) weeks immediately after the accident and intermittently thereafter to date (c) was confined to home for a period of approximately four (4) weeks immediately after the accident and intermittently thereafter to date (d) was prevented from working immediately after the accident to date.

7.  Plaintiff received surgical treatment from Bellevue Hospital Center, 462 First Avenue, New York, New York, 10016.

8.  In addition to General Objections, Plaintiff objects to this Interrogatory on the grounds that it is beyond the scope of Rule 33 of the F.R.C.P., it is vague, ambiguous, overbroad, unduly burdensome.

9.  The Plaintiff is in the process of assembling the copies of the federal income tax returns in his possession. Plaintiff will provide the said copies as soon as they become available.

10.    Plaintiff is unable to work since the date of the accident, plaintiff is claiming:

- Past Lost wages: $7,600 and continuing (calculated at his rate of pay at the time of the accident to date)

- Future Lost Wages:    $787,200 calculated at his rate of pay at the time of accident until the age 65 plus expected raises, benefits, etc.

11.    Plaintiff is unable to work since the date of the accident, plaintiff is claiming:
- Medical Expenses:    $200,000
- Emotional Distress:    $6,000,000
- Punitive Damages:    $50,000,000

12.    In addition to General Objections, Plaintiff objects to this Interrogatory on the grounds that it is beyond the scope of Rule 33 of the F.R.C.P., it is vague, ambiguous, overbroad, unduly burdensome. Notwithstanding, plaintiff is not in possession of the medical bills but reserves the right to supplement this response and provide the itemization of medical expenses when same become available.

13.    Plaintiff is not claiming an aggravation of a pre-existing condition.

Dated:        New York, New York
              July 8, 2008

                                Respectfully submitted,

                                AKIN & SMITH, LLC
                                Attorneys for Plaintiff

                                Derek T. Smith (DTS 1747)
                                305 Broadway, Suite 1101
                                New York, NY 10007
                                (212) 587-0760

TO:    O'Hare Parnagian, LLP
        Attn: Richard A. Menchini
        82 Wall Street, Suite 300
        New York, NY 10005-3686
        (212) 425 1401