Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005-3686
(212) 425-1401
(212) 425-1421 (fax)

*Attorneys for Defendant Heidelberg USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANTONIO MOJICA,                            :
                                           :
                        Plaintiff,         :  08 Civ. 4500 (GEL)
                                           :  ECF Case
            - against -                    :
                                           :
HEIDELBERG USA, INC.,                      :
                                           :
                        Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendant Heidelberg USA, Inc. ("Heidelberg USA") respectfully submits this Memorandum of Law in opposition to plaintiff Antonio Mojica's Motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for an order "amending the summons and complaint and granting leave to serve the new Defendant."

## PRELIMINARY STATEMENT

Plaintiff has attempted to slip a significant – and improper – amendment into his complaint without even telling the Court or Heidelberg USA about it.

Plaintiff's motion papers state that he seeks leave to amend the complaint to add a new defendant. In addition to adding the new defendant, however, Plaintiff's proposed amended complaint also increases his claim for punitive damages from $5 million to $50 million. Plaintiff's papers do not even mention the increase, and the proposed amended complaint alleges no new facts whatsoever to justify this tenfold increase.

As set forth below, Plaintiff's attempted amendment of his punitive damages claim is improper both procedurally and substantively and should be denied.

## STATEMENT OF FACTS

Plaintiff brought this lawsuit to recover for injuries he allegedly sustained while using a Polar 78 paper cutting machine sold by Heidelberg USA. After learning that Heidelberg USA did not manufacture the paper cutter, Plaintiff brought the instant motion to add the manufacturer as a defendant. This was the only proposed change to the complaint discussed in Plaintiff's moving papers. *See* Affirmation of Derek T. Smith, Esq.[1] ("Smith Aff."), ¶ 5 ("The Plaintiff respectfully seeks to amend the summons and complaint and add the manufacturer Adolph Mohr Maschinenfabrik as Defendant.").

---

[1] Plaintiff's motion was not supported by a Memorandum of Law as required by Local Civil Rule 7.1(a).

Plaintiff's proposed amended complaint, however, contains a second amendment that is not mentioned in either the Notice of Motion or in the supporting Affirmation. While the current complaint seeks punitive damages of $5 million, the proposed amended inexplicably seeks $50 million in punitive damages. *Compare* Verified Complaint (Smith Aff. Ex A) ¶ 57 *with* Amended Complaint (Smith Aff. Ex. B) ¶ 65. This is over seven times Plaintiff's claimed compensatory damages of $6,994,800.00. *See* Plaintiff's Response to Defendant's First Set of Interrogatories, responses to interrogatories 11 and 12.[2]

Other than being recast to refer to two defendants instead of one, the substantive allegations of the current complaint and the proposed amended complaint are identical.

## ARGUMENT

Plaintiff's motion for leave to amend should be denied for several independent reasons.

### I.

### PLAINTIFF'S MOTION IS FATALLY FLAWED BECAUSE IT NEITHER STATES THAT PLAINTIFF SEEKS TO AMEND HIS CLAIM FOR PUNITIVE DAMAGES NOR SETS FORTH A BASIS FOR SUCH AN AMENDMENT

Plaintiff's motion fails to meet the most rudimentary standards for motion practice in this (or any other) Court.

First, the motion does not comply with the basic requirement of Fed. R. Civ. P. 7(b)(1)(C) that a motion "must . . . state the relief sought." As set forth above, Plaintiff's motion papers do not indicate that he seeks to increase his claim for punitive damages. Indeed, they expressly state that he is seeking an amendment only to add a new defendant. *See* Smith Aff. ¶ 5; Notice of Motion at 1. Plaintiff's attempt to "hide the ball," standing alone, merits denial of his motion. *See, e.g., Ruotolo*

---

[2] A copy of Plaintiff's interrogatory responses is attached as Exhibit A to the accompanying Affirmation of Richard A.

*v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (holding that leave to amend may be denied for, *inter alia,* bad faith).

Second, Plaintiff's motion should be denied because the proposed amended complaint fails to set forth any facts justifying a massive inflation of his claim for punitive damages, and his motion provides no rationale for such an increase. *See Friedman v. New York City Dep't of Hous. & Dev. Admin.*, 688 F. Supp. 896, 900 (S.D.N.Y. 1988), *aff'd*, 876 F.2d 890 (2d Cir. 1989) (denying motion to increase *ad damnum* clause from $250,000 to $35 million when "Plaintiffs have articulated no basis upon which the amendment might be justified.").

## II.

### PLAINTIFF'S PROPOSED AMENDMENT TO HIS PUNITIVE DAMAGES CLAIM IS FUTILE

Although the general rule is that leave to amend should be freely granted, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003). In addition, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, Plaintiff's attempt to multiply his claim for punitive damages by ten is both futile and unlikely to be productive because the amount of punitive damages he seeks does not "bear a 'reasonable relationship' to his alleged compensatory damages." *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 580 (1996).

As set forth above, Plaintiff's proposed amended complaint seeks punitive damages that are over seven times his claimed compensatory damages. In other words, the ratio of punitive to compensatory damages is over 7:1, in a case where the injury involves the partial amputation of one

---

Menchini (the "Menchini Affirm.").

finger. *See* Menchini Affirm. ¶ 4. This ratio far exceeds the much lower 1:1 ratio that the Supreme Court recently mandated with respect to the *Exxon Valdez* oil spill. *See Exxon Shipping Co. v. Baker*, -- U.S. --, 128 S. Ct. 2605, 2633 (2008). As the Court explained, a ratio above 1:1 is "in many instances . . . substantially greater than necessary to punish or deter." *Id.* at 2625.

Here, since the proposed amended complaint fails to even allege a rationale for the proposed ballooning of the punitive damages claim, *see Friedman, supra*, it necessarily follows that Plaintiff has not established that a claim for $50 million in punitive damages bears a reasonable relationship to a claim for approximately $7 million in compensatory damages. Moreover, Plaintiff's proposed claim for $50 million in punitive damages would violate the principal that "a penalty should be reasonably predictable in its severity." *Exxon*, 128 S. Ct. at 2627. Accordingly, the proposed amendment should be rejected.

## CONCLUSION

For the foregoing reasons, plaintiff's motion should be denied insofar as it seeks leave to serve an Amended Complaint which increases the punitive damages claim.

Dated: New York, New York
      July 24, 2008

                                    s/Richard A. Menchini
                                    Richard A. Menchini (RM 6057)
                                    Andrew C. Levitt
                                    O'HARE PARNAGIAN LLP
                                    82 Wall Street, Suite 300
                                    New York, NY 10005-3686
                                    (212) 425-1401

                                    *Attorneys for Defendant*
                                    *Heidelberg USA, Inc.*