UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. 08 CV 4500
--------------------------------------------------------X                    (GEL) (DFE)
ANTONIO MOJICA,

                  Plaintiff,

       -against-                                                                  **REPLY AFFIRMATION**

HEIDELBERG USA INC.,

                  Defendants.
-----------------------------------------------------------X

       DEREK T. SMITH, ESQ. an attorney admitted to practice in the United States District Court Southern District of New York, hereby affirms under the penalty of perjury that the following statements are true:

1. I am a member of the firm of AKIN & SMITH, LLC, the attorneys for the plaintiff in the action herein, and as such I am fully familiar with the facts and circumstances contained herein.

2. I submit this affirmation in Reply to Defendant's opposition to our Motion to Amend and add a new party.

3. It was an oversight on our part not to reference the increase in the Punitive damages request in the body of our Affirmation, and I apologize to the Court and counsel for same.

4. Nonetheless, since Amendments should be freely granted and there is absolutely no prejudice to the Defendants since we did not conduct any discovery in this case yet, it is

respectfully requested that this amendment be permitted in addition to our request to add a party.

## **A Punitive Damage Demand Is Reasonable and Appropriate Under the Facts and Circumstances of this Case**

5.  As the Supreme Court has noted, the purpose of punitive damages is two-fold: "punishing unlawful conduct and deterring its repetition." *Gore*, 517 U.S. at 568. Courts have upheld large punitive damage verdicts where appropriate to achieve those purposes:

- In *TXO Prod. Corp v. Alliance Res. Corp.*, 509 U.S. 443 (1993) a slander of title claim, the Supreme Court upheld a punitive damages award of $10 million and a compensatory damages award of $19,000.
- In *Sanders v. Gardner*, 7 F. Supp. 2d 151 (E.D.N.Y. 1998), the court upheld at a $10 million punitive damage arbitration award and a $184,583 compensatory damages award against an NASD broker-dealer for fraud.
- In *Honzawa v. Honzawa*, 268 A.D.2d 327, 701 N.Y.S.2d 411 (1st Dep't 2000), a suit for malicious prosecution, the New York Supreme Court remitted a $50 million punitive damages award to $10 million and upheld a $1.8 million award in attorney's fees.
- In *CSX v. Palank*, 743 So. 2d 556 (Ct. App. Fl. 1999), the Florida Court of Appeals affirmed a $50 million punitive damages award and a $6.14 million compensatory damages award on a wrongful death action against a multi-billion dollar corporation.
- In *Verdine v. McDonnell-Douglas Corp*, National Jury Verdict Review and Analysis, Case No. BC-168266 (July 7, 1998, Los Angeles County), a Los Angeles jury awarded the plaintiff $26 million in punitive damages and approximately $2 million in compensatory damages, stemming from a claim of wrongful termination based on age and race.
- *Bell v. Helmsley*, Court found the compensatory to punitive damages ratio of 10:1 appropriate in accordance with the U.S. Supreme Court *BMW* case)(see also *Laurie Marie v. Jeffrey T.M.*, 159 AD2d 52, and *McIntyre v. Manhattan Ford*, S/NY Index No 128889/94, and *Nardelli v. Stramberg*, 44 NY2d 500, where defendants "acted with intent and/or . . . acted with reckless disregard for Plaintiffs rights. Such findings clearly serve as a predicate for the jury's award of punitive damages."

6. We are not asking this court to rule on a Punitive damages claim, but rather to allow us to increase the amount of our demand in our complaint.

7. Alternatively, in the event the Court does not wish to grant this request, it is respectfully requested that the punitive damages' *ad damnum* clause be increased with respect to the new Defendant only.

8. WHEREFORE it is respectfully requested that the Court issue an Order: (1) amending the summons and complaint as proposed and granting leave to serve the new Defendant, (2) and such other, further, and different relief as to this Court may seem just and proper.

Dated: New York, New York
     July 24, 2008

                                                                   _/s/_____
                                                                     Derek T. Smith, Esq.