Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall St., Suite 300
New York, NY 10005-3686
(212) 425-1401

Attorneys for Defendant
Heidelberg USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANTONIO MOJICA,

                  Plaintiff,

        - against -

HEIDELBERG USA, INC.,

                  Defendant.
_____

08 CV 4500 (GEL)(DFE)

**AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO SERVE AND FILE A THIRD-PARTY SUMMONS AND COMPLAINT**

STATE OF NEW YORK  )
                             ss.:
COUNTY OF NEW YORK)

        RICHARD A. MENCHINI, being duly sworn, affirms under penalty of perjury and says:

        1.    I am a member of the firm of O'Hare Parnagian LLP, attorneys for defendant Heidelberg USA, Inc. ("HUS"), and am fully familiar with the facts of this matter. This affirmation is submitted in support of HUS's motion, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for an Order granting it leave, as a third-party plaintiff, to cause to be served upon Graphics Service Bureau, Inc. a Summons and Third-Party Complaint.

        2.    This action was filed in the New York Supreme Court, Bronx County, and removed to this Court by HUS by Notice of Removal filed on May 14, 2008. HUS served and filed its Answer to the Complaint on May 9, 2008.

3. More than ten days has passed since HUS served its Answer. Accordingly, it may no longer commence a third-party action without leave of Court.

4. This is a product liability action in which plaintiff Antonio Mojica seeks to recover substantial damages arising from personal injuries he allegedly sustained on February 25, 2008 while operating a Polar Model 78ES paper cutter at his place of employment, Graphics Service Bureau ("GSB"). The cutter was sold by defendant HUS and manufactured in Germany by Adolf Mohr Maschinenfabrick GmbH. There is now pending before this Court a motion pursuant to which plaintiff seeks leave to file an Amended Complaint adding Adolf Mohr Maschinenfabrick GmbH as a defendant (docket # 8).

5. On July 30, 2008, GSB delivered to my office documents in response to a subpoena served on GSB on July 14, 2008. Included in those documents was a Sale Contract and Security Agreement pursuant to which GSB purchased from HUS a new Polar Model 78ES paper cutter with all standard equipment in December 1998. HUS was unable to locate a copy of this Sale Contract and Security Agreement in its files.

6. The Terms and Conditions of the Sale Contract and Security Agreement provided in pertinent part as follows:

> **INDEMNITY:** [GSB] is responsible to provide a safe workplace and facility for employees and third parties. To the extent that personal injury ... occurs as a result of [GSB's] failure to operate or maintain the workplace or the equipment in accordance with all applicable safety laws, rules and regulations, industry standards, [HUS's] instructions and recommended methods and procedures or as a result of the change, removal or defeat of guards, safety devices or software provided by [HUS], [GSB] will defend and indemnify [HUS] from all liability, claims, costs or damages arising therefrom. [HUS] claims any right of indemnification for losses caused by abuse or misuse of the equipment established by applicable law.

7.  The proposed Third-Party Complaint (copy annexed as Exhibit A) alleges, among other things, that at the time of plaintiff's accident the Polar Model 78ES cutter was being operated by employees of GSB, including plaintiff, with a guard removed, and that HUS is entitled to contractual indemnity from GSB pursuant to the indemnity provision of the Sale Contract and Security Agreement

8.  It is clear that the facts and issues involved in the main action and the third-party action are so intertwined that both should be disposed of in one trial. Separate trials would undoubtedly be an unnecessary waste of this Court's time and resources.

9.  This motion is timely pursuant to the Civil Case Management Plan dated July 1, 2008, which requires that the joinder of parties be accomplished by August 15, 2008.

**WHEREFORE**, it is respectfully requested that this Court grant defendant Heidelberg USA, Inc.'s motion for an Order pursuant to Rule 14(a) of the Federal Rules of Civil Procedure granting it leave, as a third-party plaintiff, to cause to be served upon Graphics Service Bureau, Inc. a Summons and Third-Party Complaint.

Dated: New York, New York
      August 4, 2008

                                      RICHARD A. MENCHINI

# EXHIBIT A

Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall St., Suite 300
New York, NY 10005-3686
(212) 425-1401

Attorneys for Defendant
Heidelberg USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANTONIO MOJICA,

            Plaintiff,

- against -

HEIDELBERG USA, INC.,

            Defendant.

08 CV 4500 (GEL)(DFE)

_____

HEIDELBERG USA, INC.,

            Third-party Plaintiff,

- against -

GRAPHICS SERVICE BUREAU, INC.,

            Third-party Defendant.
_____

**THIRD-PARTY COMPLAINT**

Defendant and third-party plaintiff Heidelberg USA, Inc., by and through its attorneys O'Hare Parnagian LLP, as and for its Third-Party Complaint against Graphics Service Bureau, Inc., alleges as follows:

1.      Defendant and third-party plaintiff Heidelberg USA, Inc. ("HUS") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Kennesaw, Georgia.

2. Upon information and belief, at all times hereinafter mentioned, third-party defendant Graphics Service Bureau, Inc., ("GSB") was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 370 Park Avenue South, New York, New York.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that this action is between citizens and residents of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Additionally, this Court has supplemental jurisdiction within the meaning of 28 U.S.C. §1367 of the claims against the third-party defendant, in that the Third-Party Complaint arises out of the same transactions and occurrences as the original Complaint previously filed in this action.

5. Upon information and belief, at all times hereinafter mentioned, and more specifically on or about February 25, 2008, plaintiff Antonio Mojica was employed by third-party defendant GSB and was working at GSB's place of business at 25-11 Hunters Point, Queens, New York.

6. On or about April 3, 2008, plaintiff commenced an action in the Supreme Court of the State of New York, County of Bronx, seeking to recover from third-party plaintiff HUS damages for personal injuries allegedly sustained by plaintiff on February 25, 2008.

7. That prior hereto, third-party plaintiff HUS removed the action to this Court and filed an Answer.

8. All prior pleadings served in this action are annexed hereto as Exhibits A and B, respectively.

AS AND FOR A
FIRST CAUSE OF ACTION

9. The Complaint alleges that on or about February 25, 2008, while engaged in his duties as an employee of GSB, plaintiff suffered injuries while using a "Polar 78 High-Speed Cutter for Four-up Formats." Specifically, it is alleged that plaintiff sustained "severe and permanent personal injuries" while operating the Polar cutter.

10. The Complaint further alleges, among other things, that the personal injuries sustained by plaintiff were caused by the breach of warranty, negligence and strict liability on the part of HUS, and that the Polar cutter was not reasonably fit, suitable or safe for its intended purpose.

11. In or about December 1998, HUS and GSB entered into a Sale Contract and Security Agreement pursuant to which GSB purchased from HUS a new Polar Model 78ES paper cutter with all standard equipment.

12. Upon information and belief, the Polar Model 78ES cutter is the "Polar 78 High-Speed Cutter for Four-up Formats" that is referred to in the Complaint.

13. At the time of installation, and thereafter, the Polar Model 78ES cutter was in all respects free from any defects in its design, manufacture and assembly.

14. The Terms and Conditions of the Sale Contract and Security Agreement pursuant to which GSB purchased from HUS the Polar Model 78ES cutter provided in pertinent part as follows:

> **INDEMNITY:** [GSB] is responsible to provide a safe workplace and facility for employees and third parties. To the extent that personal injury ... occurs as a result of [GSB's] failure to operate or maintain the workplace or the equipment in accordance with all applicable safety laws, rules and regulations, industry standards, [HUS's] instructions and recommended methods and procedures or as a result of the change, removal or defeat of guards, safety devices or software provided by

[HUS], [GSB] will defend and indemnify [HUS] from all liability, claims, costs or damages arising therefrom. [HUS] claims any right of indemnification for losses caused by abuse or misuse of the equipment established by applicable law.

15. Upon information and belief, at the time of plaintiff's accident the Polar Model 78ES cutter was being operated by employees of GSB, including plaintiff, with a guard removed.

16. If plaintiff sustained any injuries at the place and time alleged in the Complaint, then, by reason of the foregoing contractual provision, third-party defendant GSB is or will be liable to third-party plaintiff HUS and will be bound to indemnify third-party plaintiff HUS in whole for the amount of any judgment or verdict that may be recovered herein by plaintiff against third-party plaintiff HUS, together with costs and disbursements, and the attorney's fees incurred by HUS in its defense of plaintiff's Complaint.

WHEREFORE, defendant and third-party plaintiff Heidelberg USA, Inc. demands judgment against third-party defendant Graphics Service Bureau, Inc., for the amount of any judgment or verdict against Heidelberg USA, Inc., together with the costs, disbursements, reasonable attorney's fees and all other expenses which have been or may be incurred in the defense of this action, and judgment determining the ultimate liability as between Heidelberg USA, Inc. and third-party defendant Graphics Service Bureau, Inc.

Dated: New York, New York
August ____, 2008

                        Respectfully submitted,

                        O'HARE PARNAGIAN LLP

By: _____
     Richard A. Menchini (RM 6057)
     82 Wall Street, Suite 300
     New York, NY 10005
     (212) 425-1401

     Attorneys for Defendant
     Heidelberg USA, Inc.

TO:    Graphics Service Bureau, Inc.
        370 Park Avenue South
        New York, NY 10010

        AKIN & SMITH, LLC
        Derek T. Smith, Esq.
        305 Broadway, Suite 1101
        New York, NY 10007
                Attorneys for Plaintiff

X:\Client Files (G-Z)\Heidelberg US - Mojica 0520.003\Pleadings\(Draft) THIRD-PARTY COMPLAINT.DOC