Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005-3686
(212) 425-1401
(212) 425-1421 (fax)

*Attorneys for Defendant Heidelberg USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ANTONIO MOJICA, | : |
| Plaintiff, | : 08 Civ. 4500 (GEL) |
| | : ECF Case |
| - against - | : |
| HEIDELBERG USA, INC., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT HEIDELBERG USA, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
LEAVE TO SERVE A THIRD-PARTY SUMMONS AND COMPLAINT**

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of the motion of defendant Heidelberg USA, Inc. ("HUS") for an order pursuant to Rule 14(a) of the Federal Rules of Civil Procedure granting it leave to serve a Summons and Third-Party Complaint upon proposed third-party defendant Graphics Service Bureau, Inc. The Court is respectfully referred to the accompanying Affirmation of Richard A. Menchini for a statement of the relevant facts underlying this motion.

## POINT I

### THE GRANTING OF LEAVE TO SERVE A THIRD-PARTY COMPLAINT IS APPROPRIATE IN THIS CASE

The Federal Rules of Civil Procedure provide that a defendant may serve a Summons and Third-Party Complaint upon a non-party that may be liable to the defendant for the plaintiff's claims against it. Rule 14(a) provides in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Where, as here, more than ten (10) days have passed since the defendant served its answer, the defendant must move for leave of Court.[1] The question of whether or not leave to serve a third-party complaint should be granted is addressed to the sound discretion of the trial court. *E.F. Hutton & Co. v. Jupiter Development Corp.*, 91 F.RD. 110, 113 (S.D.N.Y. 1981); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, No. 93 Civ. 3791 (CSH), 1995 WL 77589 at *7 (S.D.N.Y. Feb. 27, 1995). Leave should be freely granted unless to do so would prejudice the plaintiff or third-party defendant, unduly complicate the trial, or permit the assertion of a clearly unmeritorious

---

[1] Moving party HUS served its Answer to plaintiff's Complaint on May 9, 2008.

claim. *Hicks v. Long Island RR*, 165 F.RD. 377, 379 (S.D.N.Y. 1996); *Ispat Inland, Inc. v. Kemper Environmental, Ltd.*, No. 05 Civ. 5401(BSJ)(HBP), 2006 WL 3420654 at *2 (S.D.N.Y. Nov. 28, 2006).. None of these exceptions applies in this case.

Third-party practice under the Federal Rules is "designed to permit the liberal joinder of parties so that judicial energy [can] be conserved and consistency of results guaranteed." *Olympia Corp. v. Societe Generale*, 462 F.2d 376, 379 (2d Cir. 1972). As was stated by the Court in *Blais Const. Co. v. Hanover Square Associates-1*, 733 F. Supp. 149 (N.D.N.Y. 1990):

> The general purpose of Rule 14(a) is to serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant.

*Id.* at 152, citing *Dery v. Wyer*, 265 F.2d 804, 806-7 (2d Cir. 1959).

The court in *International Paving Systems, Inc. v. Vam-Tulco, Inc.*, 866 F. Supp. 682, 686 (E.D.N.Y. 1994), noted that the proposed third-party claims must be "dependent" upon the original claims:

> It is well settled that, for impleader to be available, the third-party defendant must be "liable *secondarily* to the original defendant," or that "the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery," or that "the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant." *See, e.g. United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967) (emphasis in original) (citations omitted). "Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." Id. at 752 (emphasis added.)

*See also, Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000).

The claims asserted in the proposed Third-Party Complaint certainly satisfy the requirement that they be dependent upon the claims asserted by plaintiff against HUS. This is a

- 3 -

product liability action in which plaintiff Antonio Mojica seeks to recover substantial damages arising from personal injuries he allegedly sustained on February 25, 2008 while operating a Polar Model 78ES paper cutter while employed by proposed third-party defendant Graphics Service Bureau, Inc. ("GSB"). The cutter was sold by defendant HUS and manufactured in Germany by Adolf Mohr Maschinenfabrick GmbH.[2] It is believed that at the time of the accident the Polar paper cutter was being operated by employees of GSB, including plaintiff, with a guard removed.

The Sale Contract and Security Agreement pursuant to which GSB purchased from HUS the Polar Model 78ES paper cutter contained an "Indemnity" provision pursuant to which GSB agreed to defend and indemnity HUS for, among other things, liability, claims, costs and damages arising from personal injuries resulting from the "removal or defeat of guards [or] safety devices" provided by HUS. Accordingly, if the accident happened as reported, HUS would be entitled to defense and indemnity from GSB.

The third-party claim by HUS against GSB is not barred by New York's Workers' Compensation Law as the exclusive remedy provision does not apply to a contractual duty to indemnify a third party through an express contractual indemnification provision. N.Y. Workers' Compensation Law §11; *Flores v. Lower East Side Service Center, Inc.*, 4 N.Y.3d 363, 367, 795 N.Y.S.2d 491, 493-4 (2005).

All of the claims asserted in the main action and in the proposed third-party action are "dependent" in that HUS alleges that GSB is contractually obligated to indemnify it for all of the damages that plaintiff may recover from HUS. All claims involve one product and one accident.

---

[2] Plaintiff's motion to add Adolf Mohr Maschinenfabrick GmbH as a defendant is pending.

Clearly, judicial economy dictates that all these claims be determined at one time in one proceeding.

Proposed third-party defendant GSB will not be prejudiced by this Court's granting of this motion as very little discovery and other pre-trial proceedings have been conducted.

## CONCLUSION

Based upon the foregoing, defendant Heidelberg USA, Inc. respectfully requests that its motion for an order granting it leave to serve and file a Summons and Third-Party Complaint upon Graphics Service Bureau, Inc. be granted.

Dated: New York, New York
　　　　August 4, 2008

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　__s/Richard A. Menchini__
　　　　　　　　　　　　　　　　　　Richard A. Menchini (RM 6057)
　　　　　　　　　　　　　　　　　　O'HARE PARNAGIAN LLP
　　　　　　　　　　　　　　　　　　82 Wall Street, Suite 300
　　　　　　　　　　　　　　　　　　New York, NY 10005-3686
　　　　　　　　　　　　　　　　　　(212) 425-1401

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*Heidelberg USA, Inc.*